And we'll proceed to our second case this morning, Blanchard & Associates v. Lupin Pharmaceuticals, case number 17-19-03. Good morning. May it please the Court. My name is Janella Slijewski, and I represent the appellant, Blanchard & Associates. Your Honors, we seek reversal of the District Court's dismissal of our case on the breach of contract and unjust enrichment claims against Lupin Pharmaceuticals, Inc. and Lupin Ltd. Perhaps the Court questions why a relatively straightforward collections case between attorney and client has landed in the Seventh Circuit Court of Appeals. The Lupin entities have taken advantage of their lawyer at every turn. First, they refused to pay a bill for legal services that were provided and achieved a successful result. Then, they denied that they even had a contract with their attorney for those services. When we sought to enforce the contract, Lupin Pharmaceuticals, Inc. said, no, no, you sued the wrong person. You need to sue our parent company. You said what? Say that again. When we initially sued Lupin Pharmaceuticals, Inc. under the breach of contract and unjust enrichment theories, Lupin Pharmaceuticals filed a motion to dismiss indicating that, in fact, we had named the wrong entity, and we were in error and should have included Lupin Ltd. as the obligated party. And so, at that time, we amended our complaints, and we included Lupin Ltd. Then, after we obtained successful service on Lupin Ltd., Lupin Pharmaceuticals played a game of gotcha and said, actually, your service is not good. And they responded to our request for default against Lupin India, despite not having standing to do so. What about the timing? Why did it take so long? That's a great question. You mean with respect to the request for default? No. Why did you wait so long to sue these legal services? I don't want to re-characterize Judge Mannion's question, but these legal services were rendered in 2009 and before, and you waited until 2016 to sue. Why did you wait so long? Well, respectfully, my client has a written agreement, which is subject to a 10-year statute of limitations in Illinois. And I can hardly hear you. Please speak up. I'm sorry. My client had a written agreement, subject to a 10-year statute of limitations in Illinois. And moreover, my client was involved in ongoing communications with the appellees since 2009. Well, right, but ongoing communications doesn't toll the statute of limitations. If the claim accrued in 2009, which it clearly did, because that's when the services were rendered and the bills were not paid, the clock is running. And if your argument that this is a written contract case as opposed to an oral contract case or a quasi-contractual theory, if that argument fails and it's not a written contract case, you're taking a big chance that the statute is going to run by waiting beyond five years. Yes, Your Honor. Respectfully, those ongoing communications could have established a new promise to pay for which a new statute of limitations could have been invoked. However, because this case was kicked out at the motion to dismiss stage, you know, these are issues of fact that you're raising that would have been appropriately determined at a later stage. Instead of accepting my client's allegations of when the breach occurred and when the unjust enrichment claim occurred, the district court selected its own version of those dates and dismissed the case on those grounds. Your Honor, respectfully, the state of Illinois and our law recognizes the practical reality that some contracts, if not many contracts, go unsigned every day. Yeah, but they're enforced within five years. There's no question you've got a contract, but you didn't sue in time. Right, but Your Honor, we believe that Illinois law says that when a contract is accepted by performance, that's as good as a signature. And that's a signature on a written contract, and so the written terms of the contract will control. And in any case, to the extent that there is, this is a factual issue, Your Honors, and the court considered matters outside of the pleadings in determining what this accrual date for either breach of contract or unjust enrichment was. In some of the cases that the court cites, too, and that we've discussed at length in our briefs, you know, looking at things, whether to determine whether this is subject to, whether it's a written or oral or implied, there's factors like whether the party that we're seeking to enforce against ever rejected the contract, whether they provided modifications to the contract, whether they made any payments on the contract. In this case, we have no objection to the written agreement at any time. In fact, the defendants actually paid pursuant twice. They paid two invoices on that agreement. So that establishes the retainer letter that my client sent to the defendants as the operative written agreement. Each of the cases that we've reviewed, the contract that becomes operative is the written agreement. The cases don't say that, well, you have a contract, but when you seek to enforce it, it actually becomes an implied contract. Is the engagement letter complete enough to satisfy the Illinois doctrine about acceptance by conduct? Yes, Your Honor. The contract contains all material terms. It identifies the parties to the contract. It identifies the nature of the services to be provided. It identifies obligation for a debt. And it discusses the subject matter of the agreement. And you've got your rates set out here as well. Correct. Yes, Your Honor. And the fact that those rates later were reflected in a separate invoice, that happens all the time. And the invoices, I didn't look at them closely, but the invoices attached to the complaint, the rates charged conform to the engagement letter? Correct, Your Honor.  And again, the defendants never objected to the terms. And in fact, my client, there's even a provision in the agreement that says if you have any objection to the invoices that you ultimately receive, please let us know. And that never happened. And the complaint pleads acceptance by conduct, I think. Right, Your Honor. We did plead that the contract was accepted pursuant to performance. But that what was accepted was the written terms of that contract, not some other implied agreement that developed later, or an oral agreement that developed later. Our allegation was that the acceptance was of the written contract that my client sent to the defendants in 2009. Okay. So, you know, similarly with the unjust enrichment claim, this was also dismissed on statute of limitations grounds. Again, unjust enrichment is an alternative quasi-contractual theory. And in Illinois, as elsewhere, is not available if there's a written contract. Correct, Your Honor. Or another enforceable contract. So that's pleaded sort of in the alternative here, and you're permitted to plead inconsistently in that regard. That doesn't go to the timeliness question, but it's a point that I didn't see in the briefing, that it really springs into action only if there isn't a written contract. Right. And we are permitted to plead alternatively, of course. And, you know, this was another situation where instead of accepting what we pled as the accrual date in the complaint, the district court considered matters outside of the pleading that actually accepted. Well, the judge doesn't have to plead or accept a legal conclusion. Correct, Your Honor. And she did, you know, specifically say she was not considering extrinsic matters. She was staying within the four corners of the complaint and its attachments. But even under those circumstances, the five-year statute of limitations on the unjust enrichment claim had run because the services were performed in 2009 and prior. Well, respectfully, Your Honor, the statute of limitations is actually an affirmative defense that must be clear from the pleadings. In this case, while we certainly pled the later date, 2011, and the court chose the later date that the services were completed, it's a question of fact, really. And, you know, if you look at this case, Rubin v. Norris, or I'm sorry, Rubin and Norris v. Pantanello, which was also an attorney fee case, the court reversed dismissal on 12B6. I'm sorry, the appellate court reversed dismissal of a 12B6 motion on a quantum merit claim because... Yeah, that was a contingency fee arrangement. And also, it had to do with some kind of a lien issue, as I recall, or a property dispute. Yes. And here, it's just not analogous. The situation isn't analogous. The unjust enrichment didn't occur when the patent was approved. Right.  I'm sorry, I'm not a lawyer, but I think what it's telling is that the claim was permitted to go through so that those matters could be addressed in a factual discovery later in the case and not on motion to dismiss. The court should have accepted our date as the date... I'm sorry, our allegation as true, drawing any inferences in our favor, but it didn't do that. And at a minimum, it should have recognized that this is a factual issue that would require further investigation and discovery and things like that. Your Honor, finally, I want to address the default of Lupin Limited. The district court erred in dismissing Lupin Limited for the same reasons that it dismissed Lupin Pharmaceuticals, Inc. Your Honor, we filed a request, a simple request for clerk's default under Rule 55A, which the court never ruled upon. For about four months, our request was pending before the court. And Rule 55A is not discretionary. It states that the court shall enter default when the affidavits on file indicate that the opposing party has not responded or appeared. Well, the issue did become moot once the judge found that both claims were time-barred here. Obviously, if you win on either or both of your arguments against the statute of limitations time-bar here, the default judgment will come back into play and the judge will have to rule on it. She didn't affirmatively rule one way or the other. Right, right, but I just want to... So you have a chance to renew your motion for default if this case goes back. Right, Your Honor. And we do feel that the dismissal of Lupin Limited lumped in with Lupin Pharmaceuticals was improper. The case that the court relies upon was procedurally quite different. That was a Rule 12B1 and 12B6 that was converted into a summary judgment motion. And outside matters from the pleadings were considered by the judge as to all parties. And actually, in that case as well, the non-moving defendants that were dismissed had entered appearances. In this case, there was no appearance entered, and in fact, there was the pending default. So totally separate issues, but I see that my time is up, so I'll save that. Thank you. That's fine. Mr. McColgan. May it please the Court, Arthur McColgan for FLE Lupin Pharmaceuticals, Inc., referred to herein as Lupin USA. This Court should affirm the District Court's decision below for three reasons. The statute of limitations bars the breach of contract claim. Secondly, the statute of limitations bars the unjust enrichment claim. Third, in the alternative, Lupin USA is not a proper party to the alleged contract. Are you here for both defendants? No, Your Honor. Just for Lupin USA. Okay. Before I start in on the breach of contract claim, I just want to briefly address an issue mentioned by counsel and mentioned several times in the briefing, and that is the District Court did not convert the motion to dismiss to a motion for summary judgment. Blanchard appears to argue that the Court applied the wrong standard, and in doing so, found a five-year statute of limitations applicable instead of accepting Blanchard's bare allegation that it was a written contract subject to a 10-year statute of limitations. The argument that the Court converted the motion to dismiss into a motion for summary judgment ignores the Court's decision where the Court specifically states at least four times that it is not converting the motion to dismiss into a motion for summary judgment. One such instance is at page three of the appendix where the Court states that it cannot consider Moriarty's affidavit on behalf of Lupin and states, quote, it refuses to convert the motion to dismiss to a motion for summary judgment, close quote. Right. The judge clearly treated this as a 12B6 motion and did not convert it and considered nothing outside the four corners of the complaint and its exhibits, but why isn't the complaint which pleads a written contract and the exhibits which attach a written contract and the invoices that were issued pursuant to that written contract and also pleads acceptance by conduct, why isn't that enough at the 12B6 stage? The judge is required to accept those factual allegations. Illinois law follows a strict interpretation of the meaning of written agreement. A contract is only deemed a written agreement if all of the essential terms are ascertainable from the instrument itself. What's missing from this one? Here, and again, this is the document attached to the complaint by Blanchard as evidence of its contract. The letter that they attach is unsigned. It doesn't matter. Because it's unsigned, there's no indication of an intent to pay. The intent to pay was demonstrated by conduct, the payment of the other invoices over the course of a substantial period of time. That's what's pleaded. That's what the judge should have accepted. That suffices to make it a written contract without the defendant's signature. The instrument itself, however, Your Honor, does not confirm all of the essential terms of the contract. It identifies the parties. It identifies the nature of the transaction, legal services. It identifies the amounts. The billing rates are specified. And there's a reasonable implication of an intent to repay that arises by conduct, in other words, the payment of many other invoices. I guess it was several other invoices for substantial sums of money pursuant to the terms. And that's all pleaded. Your Honor, again, respectfully, there is no signature on the document. That doesn't matter under Illinois law. If there's acceptance by conduct, there's no requirement of a signature. It's a written contract case. And acceptance by conduct is pleaded here with some specificity. Respectfully, Your Honor, the document does not show acceptance because there's no signature. Okay. You've said that three times, and I've just told you it doesn't matter under Illinois law. The landmark case makes that clear, and that's just sort of an understood contract principle. That's not peculiar to Illinois. Even if it's unsigned, if there's an acceptance by conduct and the parties behave as if they're bound by the written contract, then it's a written contract case. Respectfully, Your Honor, under Ramirez, we believe that Illinois treats a document that does not have all the elements as an oral contract for statute of limitations purposes. Ramirez is not an Illinois case. It's a federal case. Your Honor, and going back to another point you mentioned, the letter attached to the complaint also does not identify the parties. It is addressed to Sophia Mumtaz at Lupin Research Park in India. There's no indication on it that Lupin USA is a party to this contract, which is another one of our. Well, the complaint pleads that, that Lupin USA and Lupin India are engaged in a joint venture for purposes of this particular patent matter, and Lupin USA is an arm of Lupin India for these purposes, and the court was required to accept that, and, in fact, did accept that on 12B6. Your Honor, again, it goes to the treatment of the contract as an oral contract for statute of limitations purposes because the letter, unsigned letter agreement does not indicate the parties to the agreement. That's pleaded, and we're at the 12B6 stage. If you have evidence that shows that these two entities were completely separate and were not a joint enterprise for these purposes, then you can present that at summary judgment, but we're at the 12B6 stage. Your Honor, the court does not have to accept the allegations of the complaint when they are contrary to the document that Blanchard attaches to the complaint.  The document just says Lupin. It does not say Lupin USA, Your Honor, respectfully. Okay, but it pleads that Lupin is Lupin USA plus Lupin India, that this is a joint venture for the purposes of this patent matter, and so both entities are contractually bound, and that this Sophia Mumtaz was acting for both, and Lupin USA was the registered agent for Lupin India. That's also pleaded. So the argument that the parties are not identified I think is going nowhere. The engagement letter clearly identifies the parties, and taken in conjunction with the other allegations in the complaint are sufficient to plead a written contract claim. You may be able to defeat it at summary judgment, but not at 12B6. Respectfully, Your Honor, the unsigned agreement also does not identify Lupin Limited. It says Lupin. And the allegations in the complaint clarify that that means Lupin India and Lupin USA for purposes of this patent matter. Respectfully, Your Honor, we think that There's nothing missing other than the signature, and it doesn't matter if there's acceptance by conduct, which is pleaded. We respectfully disagree, Your Honor. We think the parties are not identified in the unsigned agreement because they don't identify Lupin Limited or Lupin USA. They are addressed to Sophia Mumtaz at Lupin Research Park, and the court is not required to accept the allegations when they are contrary to the exhibit attached to the complaint. How are they contrary? The engagement letter just refers to Lupin. There's no conflict there. Your Honor, I'd like to move on to the unjust enrichment claim now. The five-year statute of limitation also bars the unjust enrichment claim made by Blanchard. Blanchard's accrual argument should be rejected. Their accrual argument is nonsensical and not supported by the facts and is contradicted by the agreement they attached to the complaint. Here the parties don't dispute that the five-year statute of limitations applies. The invoices attached show that all work was completed by August 2009 and that the invoices were issued on October 31, 2009. The unsigned agreement states that the invoices are due when issued and that Blanchard expects payments within 30 days. So the statute of limitations, therefore, would begin to run on December 1. So now you want into the written agreement. Your Honor, for a motion to dismiss, we have to accept what is, as the court did, what is before it. Indeed you do, but what's good for the unjust enrichment claim is good for the contract claim. You can't have it both ways. There are alternative theories, but you can't have it both ways. Again, the unjust enrichment claim here should be tied to the failure to pay for the work at issue, not to profits realized from the sale of a drug that is subject to the legal work. Blanchard here basically asked the court to accept its accrual theory simply because they pled it. Well, an accrual is a legal determination. It depends on underlying facts, but accrual is a legal determination, so you can't plead accrual. Correct, Your Honor. And here, again, it is contrary to the agreement that Blanchard attaches to the complaint. If Blanchard were right in its accrual theory, it might never get paid if the drug was never launched. More significantly, the unsigned agreement states a traditional fee arrangement where fees are charged based on rates, times, hours worked, and states that payment is due within 30 days. Why would Blanchard set rates and require payment within 30 days if it wasn't expecting to be paid until the drug was launched? The court properly found that the unjust enrichment claim accrued on December 1, 2009 when payment became overdue, and as we know, this case wasn't filed until August 4, 2016, well past the five-year statute of limitations cutoff date. Therefore, Blanchard's unjust enrichment claim is barred. That Rubin case is very different, it seems to me, from this case. Rubin involved a contingency fee arrangement and also a tax lien dispute, so accrual might shake out a little bit differently in that context than it would in this context. Correct, Your Honor. In this context, we have your standard attorney. Fee for service. Exactly. And when the payment for those fees becomes overdue is when the alleged breach occurs and your statute of limitations starts running. We're well past the five-year mark on that claim. Thirdly, Your Honors, Lupin USA is not a proper party to the alleged contract. This is our alternative argument as to why Lupin USA should be dismissed. Again, the agreement is addressed to Sophia Mumtaz at Lupin Research Park in India. The agreement does not mention Lupin USA. The district court, in our view, erroneously accepted Blanchard's allegation that Mumtaz held herself out as a dual agent for both Lupin USA and Lupin Limited, and that bare allegation is a legal conclusion not supported by any factual allegations in the complaint about how or when she held herself out in that manner. The facts do not support Lupin USA being a party to any contract between Blanchard and Sophia Mumtaz at Lupin Research Park. Well, the complaint, as we discussed a moment ago, does plead that they were acting as a joint enterprise, Lupin USA that is, and Lupin India, for purposes of this patent matter. And why isn't that sufficient under the pleading rules? In this instance, again, we have the agreement is supposedly with, may I finish my? Please. The agreement is supposedly with Sophia Mumtaz at Lupin Research Park, so that it is important to determine whether the dual agency argument is a well-plead fact. Thank you. Thank you. All right, you've got two minutes left. Ms. Turner, I just briefly wanted to address this argument about the conversion to a summary judgment motion. Initially, the amended complaint that was filed sounded very much like a summary judgment motion. In fact, there were no specific allegations of moving to dismiss under 12b-6. So we filed our responsive motion, which, of course, was followed by a reply. And in that reply, the defendants raised the 12b-6 issue. We filed a motion for leave to file a surreply, essentially to either respond to those arguments or alternatively to have the court disregard those. And the court said that it would disregard those 12b-6 arguments. But then the order states that, as you pointed out, this was brought under Rule 12b-6. So as you can see, the standard was sort of just misapplied all across the board. And as we've discussed at length, and I won't belabor, that the court did not accept our allegations. That's true, and we respectfully request reversal. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement.